IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

MAGNOLIA COOPER,

    Plaintiff,

v.

OFFICE OF THE SECRETARY (CDA),

    Defendant.

OPINION and ORDER

Case No. 16-cv-811-wmc

In this civil lawsuit, *pro se* plaintiff Magnolia Cooper contends that Community Development Authority ("CDA") of Madison, Wisconsin,[1] violated her rights to healthy and safe housing by renting her an apartment infested with rodents and insects. Because Cooper is proceeding without prepayment of the full filing fee, her complaint must be screened under 28 U.S.C. § 1915(e) to determine whether any portion is frivolous or malicious, fails to state a claim on which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. After reviewing her complaint, the court concludes that Cooper's allegations do not implicate any federal claim over which this court has jurisdiction. Accordingly, her complaint will be dismissed without prejudice.

ALLEGATIONS OF FACT[2]

Plaintiff Magnolia Cooper is a public housing tenant residing in apartments operated by the Community Development Authority in Madison, Wisconsin. Cooper alleges that in

---

[1] The CDA operates properties that are federally funded through the Department of Housing and Urban Development.

[2] In addressing any pro se litigant's complaint, the court must read the allegations generously. *Haines v. Kerner*, 404 U.S. 519, 521 (1972). For purposes of this order, the court assumes the facts above based on the allegations in Cooper's complaint.

1

October 2016, her apartment became infested with rodents. She called maintenance, who plugged holes in her wall and set out traps. After vacating the apartment for some period of time, Cooper came back on December 2, but there were still mice in the apartment.

Cooper's apartment also has some type of black and red insects, which Cooper thinks may be fleas or ticks that live in the heating vents. Cooper's daughter who stays at the apartment sometimes contracted Lyme disease and required hospitalization. Cooper thinks the Lyme disease may have been from insects in the apartment. She also thinks her daughter may have been bitten by a rat at the apartment, and is worried her daughter might have kidney failure.

Other problems in the apartment include a frayed cord connected to the refrigerator, a broken bedroom doorknob, some peeling interior paint and three broken blinds, although Cooper does not blame CDA for these problems.

OPINION

Cooper contends that CDA violated her right to safe and healthy housing without identifying any specific legal basis for her claims. While Cooper was not required to identify a particular statute or constitutional provision that she believes CDA violated, the court has an obligation to determine whether Cooper's allegations are sufficient to state a viable legal claim over which this court would have jurisdiction. *See* 28 U.S.C. § 1915; *Buchel-Ruegsegger v. Buchel*, 576 F.3d 451, 453 (7th Cir. 2009) (noting that federal courts have a duty to evaluate their own jurisdiction, "sua sponte if necessary") (citation omitted).

A federal district court has limited jurisdictional authority. This court may only hear a case if Congress has authorized it. Generally, a federal court may exercise jurisdiction over a

case in one of two situations: (1) the plaintiff brings a claim that arises under federal law, 28 U.S.C. § 1331; or (2) the plaintiff and defendants are citizens of different states and the amount in controversy is greater than $75,000. 28 U.S.C. § 1332. Because Cooper and the CDA are not citizens of different states, the court would have jurisdiction over Cooper's claims only if her claims arise under the United States Constitution or other federal law. After some consideration, the court is unable to discern a *federal* law that might support Cooper's claim here.

Certainly, the CDA is subsidized by the federal government and must comply with the United States Housing Act, 42 U.S.C. § 1437 *et seq.* However, the United States Housing Act does not appear to authorize any private right of action that would permit a plaintiff to challenge the conditions of CDA-operated housing in federal court. *See, e.g., Davis v. Sellas*, 580 F. App'x 467, 467 (7th Cir. 2014) (unpubl.) (holding that USHA does not "create a private right of action for tenants to sue landlords who provide subpar maintenance"); *Davis v. Raleigh Hous. Auth.*, No. 5:09-cv-522-F, 2011 WL 832330, at *4 (E.D.N.C. Jan. 27, 2011) (finding no private cause of action under Housing Act for asserting claims relating to unsanitary apartment); *Ross v. Midland Mgmt. Co.*, No. 02 C 8190, 2003 WL 21801023, at *3 (N.D. Ill. Aug. 1, 2003) ("The USHA does not create a warranty of habitability or a private right of action regarding the conditions of apartments."); *Banks v. Dallas Hous. Auth.*, 119 F. Supp. 2d 636, 638 (N.D. Tex. 2000) (same); *Thomas v. Ch. Hous. Auth.*, 919 F. Supp. 1159, 1164 (N.D. Ill. 1996) (same).

Likewise, Cooper's allegations do not state a claim under the Fair Housing Act, 42 U.S.C. § 3604, which prohibits discrimination in housing on the basis of race, color, religion, sex, familial status, or national origin. Because Cooper's complaint contains no facts suggesting

the CDA discriminated against her in particular, much less did so based on her membership in a protected class, she cannot bring her claims under the Fair Housing Act. *See Ross*, 2003 WL 21801023, *4 ("The FHA also does not create a private right of action to ensure habitability.")

Finally, Cooper's allegations of unsanitary housing do not implicate any constitutional provision. On the contrary, the Constitution does not guarantee "access to dwellings of a particular quality," *Lindsey v. Normet*, 405 U.S. 56, 74 (1972), and Cooper has not alleged that CDA violated any other constitutional right, such as her right to due process or equal protection under the law.

This does not necessarily mean that plaintiff has *no* remedy; rather, her remedy may be in state court, or state or federal administrative proceeding. In particular, landlord-tenant law is traditionally the province of the states, and thus, Cooper *may* have a cause of action under state law concerning the conditions of her dwelling. Cooper may want to consult her local tenant union for guidance. Regardless, even construing her complaint liberally, the court is unable to glean a federal cause of action from Cooper's allegations.

ORDER

IT IS ORDERED that plaintiff Magnolia Cooper's complaint is DISMISSED without prejudice for lack of subject matter jurisdiction.

Entered this 19th day of October, 2017.

BY THE COURT:

/s/

WILLIAM M. CONLEY
District Judge